REQUESTED BY: Dear Senator:
You have requested our opinion on the constitutionality of LB 109, Eighty-Fifth Legislature, First Session, as currently amended. We have examined LB 109, particularly with reference to sections 21 and 22. Section 21 creates the Nebraska Outdoor Recreation Development Cash Fund and the Nebraska Habitat Fund. Section 21 also allocates the money collected under LB 109 by virtue of a tax to be imposed upon soft drinks to these two funds in a ratio of 80 to 20. Section 22 provides:
 "No expenditure shall be made from the Nebraska Outdoor Recreation Development Cash Fund until the Game and Parks Commission has presented a recreational development plan to the Committee on Appropriations of the Legislature for its approval. The money in such fund shall be administered by the Game and Parks Commission for the development, operation, and maintenance of areas of the state park system. . . ."
The question that you raise is whether the approval of the Appropriations Committee required by this act violates any constitutional prohibition. We understand that you have an additional concern with the provisions of the bill which limit the approval required to a single committee rather than the entire Legislature.
It is not clear in reading the statute what effect, if any, disapproval by the Committee on Appropriations would have on a planned expenditure by the Game and Parks Commission of funds raised under the act. Arguably, the position could be taken that if the committee disapproved a particular expenditure, the Game and Parks Commission would be precluded from making that expenditure. Article II, Section 1, of the Constitution prohibits such acts. It provides:
 "The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."
An attempt to authorize a legislative veto of executive judgment would violate this section.
If the construction suggested above were adopted, it would be an attempt to administer an executive function by a committee of the Legislature.
The committee would be empowered to review and reject executive decisions regarding particular expenditures. While the Legislature is fully authorized to limit executive choices by appropriate restrictions through enactment of statutes, once a statute is enacted or an appropriation made the Legislature has no further authority. This rule of law was most clearly expressed by the Supreme Court in the case of State ex rel. Meyer v. State Board of Equalization andAssessment, 185 Neb. 490, 176 N.W.2d 920. In this case the Supreme Court considered certain legislative acts appropriating money for biennial expenditures. As a part of these acts the Legislature limited the expenditure of sums for personal services in each of the two years of the biennium. The Supreme Court upheld that limitation but said:
 "The Legislature has plenary or absolute power over appropriations. It may make them upon such conditions and with such restrictions as it pleases within constitutional limits. There is one thing, however, which it cannot do, and this is inherent in Article II, section 1, Constitution of Nebraska. It cannot through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch of the government. It cannot administer the appropriation once it has been made. When the appropriation is made, its work is complete and the executive authority takes over to administer the appropriation to accomplish its purpose, subject to the limitations imposed. . . ." Id. at 499-500.
Thus, it is clear that if this provision is intended to give the Appropriations Committee the authority to veto executive decisions, then it is unconstitutional. We are unable to say with certainty from the language of the enactment in its present form that it is the intent to so limit executive decisions.
It may be argued that the language of section 22 simply requires that the Game and Parks Commission file what amounts to a report with the Committee on Appropriations prior to expending money for the purposes authorized under the act. Subsequent disapproval by that committee would not preclude the expenditures of those sums by the Game and Parks Commission. Such a construction would meet the constitutional objection discussed above. The Supreme Court, in numerous cases, has indicated that a statute which is susceptible to two constructions, one of which would clearly make the statute valid, while the other would make the validity of the statute doubtful, that construction which makes the statute valid will ordinarily be adopted. SeeBelgum v. City of Kimball, 163 Neb. 774, 81 N.W.2d 205
(1957). Thus, we conclude that while a question exists as to the constitutionality of section 22, it is possible to read it in a constitutional manner. However, it would be appropriate to use more specific language so the intent would be clear.
You have also raised the question of whether if such a requirement could be instituted, should it require full legislative approval. We believe that the comments we have made above disposes of this question. Whether legislative approval as a full body is required is not relevant to the question of whether or not the separation of powers provision of the Constitution has been violated. Thus, if the bill is construed to reflect an intention by the Legislature to pass on each item of expenditure, either by the body as a whole or by a committee of the Legislature, Article II, Section 1, the separation of powers provision, is violated and the act would be unconstitutional.